1  Christopher Seidman (SBN 98884)
   Harmon & Seidman LLC
2  101 South Third Street, Suite 265
   Grand Junction, Colorado 81501
3  Tel: (970) 245-9075
   Fax: (970) 245-8086
4  E-mail: chris@harmonseidman.com

5  Alex Rice Kerr (SBN 264821)
   Harmon & Seidman LLC
6  PO Box 3097
   Jackson, WY 83001
7  Tel: 970-270-4718
   E-mail: alex@harmonseidman.com
8  *Attorneys for Plaintiff Carr Clifton*

9

            UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA

11

12 | CARR CLIFTON,                              )
   |                                            ) Case No. CV 15-01672
13 |                 Plaintiff,                 )
   |                                            )
14 | v.                                         ) COMPLAINT
   |                                            )
15 | MCGRAW-HILL GLOBAL EDUCATION               )
   | HOLDINGS, LLC and MCGRAW-HILL              ) DEMAND FOR JURY TRIAL
16 | SCHOOL EDUCATION HOLDINGS, LLC             )
   |                                            )
17 |                 Defendants.                )

18
   _____
19

20
           Plaintiff Carr Clifton ("Clifton") for his Complaint against Defendants McGraw-Hill
21
   Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively
22
   "MHE") alleges:
23

24
                              **STATEMENT OF ACTION**
25
           1.     This is an action for copyright infringement brought by Plaintiff Carr Clifton, the
26
   owner of copyrights to the photographs described hereafter and originally licensed for limited use
27
   by MHE, against MHE for uses of Plaintiff's photographs without his permission.
28

**PARTIES**

2. Carr Clifton is a professional photographer who makes his living licensing his photographic images to publishers, including MHE. He is a resident of Taylorsville, California.

3. MHE is a sophisticated global publisher incorporated in Delaware. MHE sells and distributes its publications in the Northern District of California and throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, MHE acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

**JURISDICTION**

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

**VENUE**

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

**FACTS COMMON TO ALL COUNTS**

6. Clifton is the owner of copyrights in the attached photographic images ("Photographs") depicted in Exhibit 1, whose registration status with the United States Copyright Office is set forth in that exhibit.

7. Between 1997 and 2012, in response to permission requests from MHE, Clifton sold MHE limited licenses to use copies of the Photographs in particular educational publications identified in MHE's requests and Clifton's licenses. The licenses Clifton granted MHE were expressly limited by number of copies, distribution area, language, duration, and/or media, as summarized in Exhibit 1.

8. Shortly after obtaining the licenses from Clifton, MHE exceeded the licenses and infringed Clifton's copyrights in various ways, including:

    a.    printing more copies of the Photographs than Clifton authorized;

b.   distributing publications containing the Photographs outside the authorized distribution area;

c.   publishing the Photographs in electronic, ancillary, or derivative publications without permission;

d.   publishing the Photographs in international editions and foreign publications without permission;

e.   publishing the Photographs beyond the specified time limits.

9.   After obtaining access to the Photographs, MHE used the Photographs without any license or permission in additional publications that have not yet been identified.  Because MHE alone knows of these wholly unauthorized uses, Clifton cannot further identify them without discovery.

10.   MHE alone knows the full extent to which it has infringed Clifton's copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Clifton.

11.   When MHE copied, distributed and used the Photographs without authorization, MHE had a duty in equity and good conscience to disclose those uses to Clifton.  This is especially so because MHE knew precisely when its use of the Photographs exceeded the applicable license limitations, or were used without any license, but Clifton had no such knowledge nor any reason to assume MHE was being deceitful in the uses it was making of the Photographs.

12.   MHE's practice of requesting and paying for a license for limited uses, and then exceeding those authorized uses without notice or further payment, extends beyond the publications identified in Exhibit 1.  While the lost licensing fee to any individual copyright holder is relatively small, MHE has sold millions of its publications, generating billions in revenue.  MHE's business model, built on a foundation of pervasive copyright infringement, deprived Clifton and hundreds of other photographers and visual art licensors of their rightful compensation and unjustly enriched MHE with outlandish profits in the process.

13.   Numerous other photographers and stock photography agencies have alleged copyright infringement claims against HME nearly identical to those asserted by Clifton in this

action. Since 2011, MHE has been sued for copyright infringement in furtherance of the scheme described herein in the following actions;

  a. *Viesti Associates, Inc. v. The McGraw-Hill Companies, Inc.*, No. 11-cv-01237 (D. Colo.);

  b. *Gibson et al v. The McGraw-Hill Companies, Inc.* No. 11-cv-02765-JPO (S.D.N.Y.);

  c. *Muench Photography, Inc. v. The McGraw-Hill Companies, Inc.*, No. 12-cv-06595 (S.D.N.Y);

  d. *DRK Photo v. The McGraw-Hill Companies Incorporated et al,* No. 12-cv-08093 (D. Ariz.);

  e. *Grant Heilman Photography, Inc. v. The McGraw-Hill Companies, Inc.*, No. 12-cv-02061 (E.D. PA);

  f. *Viesti Associates, Inc. v. The McGraw-Hill Companies, Inc.*, No. 12-cv-00668 (D. Colo.);

  g. *Frerck v. The McGraw-Hill Companies, Inc.* No. 12-cv-07516 (N.D. Ill.);

  h. *Panoramic Stock Images, Ltd v. McGraw-Hill Global Educ. Holdings, LLC et al.* 12-cv-09881 (N.D. Ill.);

  i. *Young-Wolff v. The McGraw Hill Companies, Inc.* No. 13-cv-04372 (S.D.N.Y.);

  j. *Lefkowitz v. The McGraw-Hill Companies, Inc.* No. 13-cv-05023 (S.D.N.Y.);

  k. *McGraw-Hill Global Education Holdings LLC et al v. Lewine* No. 13-cv-4338 (S.D.N.Y.);

  l. *Englebert et al v. McGraw-Hill Global Education Holdings LLC et al,* No. 14-cv-02062 (E.D. PA);

  m. *Gordon v. McGraw-Hill Global Education Holdings LLC et al,* No. 14-cv-3988 (E.D. PA);

  n. *McGraw-Hill Global Education Holdings LLC et al v. Jon Feingersh Photography, Inc.* No. 14-cv-5050 (S.D.N.Y.);

  o. *McGraw-Hill Global Education Holdings LLC et al v. Minden Pictures, Inc.* No. 15-cv-00243 (S.D.N.Y.).

14. The following examples of unauthorized printings illustrate MHE's practice of infringing copyrights in photographs in its textbooks:

a. MHE licensed to print 100,000 copies of images in *Algebra 1* 2003. It printed 1,213,373 copies.

b. MHE licensed to print 100,000 copies of images in *Pre-Algebra* 2003. It printed 837,783 copies.

c. MHE licensed to print 300,000 copies of images in *Everyday Math* 2007. It printed 779,281 copies.

d. MHE licensed to print 60,000 copies of images in *Macmillan Health and Wellness*, Grade 3. It printed 345,050 copies.

e. MHE licensed to print 60,000 copies of images in *Macmillan Health and Wellness*, Grade 4. It printed 365,000 copies.

f. MHE licensed to print 60,000 copies of images in *Macmillan Health and Wellness*, Grade 5. It printed 358,000.

g. MHE licensed to print 100,000 copies of images in *Science 2008* – California Grade 4. It printed 249,533.

h. MHE licensed to print 100,000 copies of images in *Biology* 10e 2009. It printed 195,958.

i. MHE licensed to print 105,000 copies of images in *Physics: Principles & Problems* 2002. It printed 289,449.

j. MHE licensed to print 100,000 copies of images in *Physics: Principles & Problems* 2005. It printed 594,608.

k. MHE licensed to print 100,000 copies of images in *Glencoe Science* 2005. It printed 580,377.

l. MHE licensed to print 100,000 copies of images in *The World and Its People* 2005. It printed 298,178.

15. On September 23, 2014, a jury sitting in the Eastern District of Pennsylvania found MHE liable for infringement of 38 photographs in 11 textbooks by the same scheme Clifton alleges here. See *Grant Heilman Photography, Inc. v. McGraw-Hill School Education Holdings, LLC, et*

*al.*, No. 5:12-cv-2061-MMB (Doc. 180, Judgment). The jury awarded $127,087 in actual damages and profits to that stock photography agency.

16. On November 25, 2014, Judge Rebecca Pallmeyer in the Northern District of Illinois found MHE liable on summary judgment for 81 counts of copyright infringement for engaging in the same scheme Clifton alleges here (". . . McGraw-Hill violated the licensing agreements in three distinct ways: print overruns, distribution outside the authorized geographic areas, and unlicensed reproductions in electronic media."). See *Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC et al.,* No. 1:12-cv-09881 (Doc. 85, Memorandum Opinion and Order, p. 13).

17. Exhibit 1 attached hereto is incorporated into this Complaint by this reference.

## COUNT I

## COPYRIGHT INFRINGEMENT AGAINST MHE

18. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

19. The foregoing acts of MHE constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

20. Plaintiff suffered damages as a result of MHE's unauthorized use of the Photographs.

WHEREFORE, Plaintiff requests the following:

1. A preliminary and permanent injunction against Defendants and anyone working in concert with Defendants from copying, displaying, distributing, selling or offering to sell Plaintiff's Photographs described in this Complaint and Plaintiff's photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendants without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff's Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: April 13, 2015

Plaintiff Carr Clifton, by his attorneys,

/s/ *Christopher Seidman*

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel:  (970) 245-9075
Fax:  (970) 245-8086
E-mail:  chris@harmonseidman.com

Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
Tel:  970-270-4718
E-mail:  alex@harmonseidman.com

Maurice Harmon (SBN 304872 (PA))
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA  18938
215-693-1953
www.harmonseidman.com
(licensed in Colorado & Pennsylvania)